**United States District Court**
For the Northern District of California

1
2
3                              **NOT FOR CITATION**
4
5
6
7                        UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
8
9
10
11   ABELARDO VELA, JR.,
              Petitioner,                         No. C 05-1465 PJH
12
13                                                **ORDER RE:**
                                                  **SUPPLEMENTAL BRIEFING**
14        v.
     MIKE KNOWLES, Warden,
15
              Respondent.
16   _____/
17          On April 11, 2005, petitioner Abelardo Vela, Jr. ("Vela"), currently in the custody of Mule
18   Creek State Prison in California, filed a petition for a writ of habeas corpus pursuant to 28
19   U.S.C. § 2254 with this court.  Vela claims that he was deprived of the effective assistance of
20   counsel when his counsel failed to raise an allegedly meritorious motion to suppress evidence
21   based upon two illegal searches.
22          A successful claim of ineffective assistance of counsel has two components.  *See*
23   *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   First, a defendant must show that
24   counsel's performance was deficient.  *Id.* at 687.   Second, having established deficient
25   performance, a defendant must show that counsel's errors were serious enough to deprive the
26   defendant of a fair, reliable trial.  *Strickland*, 466 U.S. at 687-88.
27          In determining whether Vela's counsel's decision was reasonable, this court is
28   instructed to examine the strength of Vela's motion to suppress.  *See Tollett v. Henderson*,

**United States District Court**
For the Northern District of California

411 U.S. 258, 267 (1973) (in the habeas context, claims of constitutional violations that occurred prior to the entry of a guilty plea "are not themselves independent grounds for federal collateral relief," but "may play a part in evaluating the advice rendered by counsel").  Although the merits of the motion clearly are relevant to the question of deficient performance, most courts examining such claims analyze the strength of the underlying motion under the prejudice prong of *Strickland.  See Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999).

This case was fully briefed on July 26, 2005.  The court has reviewed the parties' papers and the transcripts of the evidentiary hearing held by the state superior court in conjunction with Vela's state habeas petition.  In evaluating the strength of a motion to suppress, this court must consider the standards governing the search of a parolee pursuant to the Fourth Amendment.  The standards, as set forth by the Ninth Circuit, differ from those set forth by the California Supreme Court.  *See Moreno v. Baca*, 400 F.3d 1152, 1163 (9th Cir. 2005) (search of parolee requires reasonable suspicion of criminal wrongdoing); *People v. Reyes*, 19 Cal.4th 743 (Cal. 1998) (reasonable suspicion *not* constitutionally required to search parolee).

Since this case was briefed, the United States Supreme Court granted certiorari in *Samson v. California*, 2005 WL 916785 (Sept. 27, 2005), to resolve whether the Fourth Amendment requires reasonable suspicion in conducting a warrantless search of a parolee subject to a parole search condition.

Accordingly, the court orders the parties to submit supplemental briefs addressing the following:

(1)     the effect that the grant of certiorari in *Samson v. California* has on the instant case;

(2)     whether this court should stay the instant proceedings pending the Supreme Court's decision on the issue.

The parties shall file and serve supplemental briefs addressing the above two issues **no later than fourteen days** from the date of this court's order.

2

**IT IS SO ORDERED.**

Dated: October 24, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3